**Trudie Lynne BALTZER, Appellant**

v.

**Larry Ruiz MEDINA, Appellee.**

No. 14–05–01271–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 25, 2007.

---

Mack J. Travers, Allison Travers Hamilton, Katy, for Appellants.

Larry Ruiz Medina, Houston, pro se.

Panel consists of Justices FROST, SEYMORE, and SEARS.*

## OPINION

KEM THOMPSON FROST, Justice.

A mother appeals the trial court's order modifying the primary conservatorship of her fifteen-year-old son. She also challenges the propriety of the trial court's orders for possession and visitation, as

* Senior Justice Ross A. Sears sitting by assignment.

well as its award of attorney's fees. We reverse and remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Trudie Lynne Baltzer (hereinafter "Lynne") and appellee Larry Medina (hereinafter "Larry") were divorced after eleven years of marriage. Under the original divorce decree, Lynne and Larry were named joint managing conservators of their two children, and, as to the parties' child S.M., Lynne was given the following exclusive rights and duties:

(1) the right to establish his primary residence, and

(2) the right to consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment.[1]

Both Lynne and Larry remarried.

After his parents' divorce and following his mother's re-marriage, S.M. lived with his mother, step-father, and step-siblings in Katy, Texas. On February 28, 2005, S.M. went to visit a friend in the neighborhood. During this visit, the Harris County Constable's Office was contacted because S.M. allegedly told his friend and his friend's parents that his "step-dad had been hitting him." The constable contacted both Lynne and Larry, and told Larry that he could take possession of S.M., but that the child could not return home. Lynne stated that her husband had not hit S.M. on that night. She explained that

S.M. "was a little bit upset with us the night he left," and she felt as though S.M. were making the allegations so that he could live with his father, whom Lynne stated was more lenient.

Soon after this incident, on March 4, 2005, Larry filed a petition to modify the parent-child relationship and requested that he be given the following exclusive rights:

(1) the right to establish the primary residence of S.M.; and

(2) the right to make decisions concerning S.M.'s education.[2]

Larry also asked the court to limit Lynne to only supervised visitation with the child. The trial court appointed an amicus attorney under Chapter 107 of the Texas Family Code. On August 2, 2005, the trial court issued a temporary order that both parties remain as joint managing conservators, but named Larry as the conservator with the temporary exclusive right to determine S.M.'s primary residence. The trial court also gave Larry the temporary exclusive right to make educational decisions for the child.

About six weeks later, the trial court conducted a bench trial. Lynne, who appeared pro se, made several requests for a continuance. No continuances were granted. Larry and Lynne testified. S.M. did not testify, but the trial court admitted into evidence a document signed by S.M., in which S.M. states he prefers that Larry have the exclusive right to determine S.M.'s primary residence.[3] The

---

1. In the divorce decree, the trial court also gave Lynne other exclusive rights and made various determinations regarding K.M., the other child of the marriage. However, these provisions of the divorce decree are not relevant to this appeal.

2. Larry also requested other exclusive rights. However, these requests are not relevant to this appeal.

3. The record indicates that the trial court conferred with S.M. in chambers some time before the bench trial. At the beginning of trial, Larry's counsel suggested that the trial court again confer with S.M. in chambers. The trial court stated it would consider doing so if it deemed it appropriate after hearing the testimony at trial. The record does not reflect that the trial court conferred with S.M.

trial court signed a final order finding that "the material allegations in the petition to modify are true and a material and substantial change has occurred since the last order and the requested modification is in the best interest of the child." The court then signed an order (1) removing Lynne as joint managing conservator of S.M., (2) appointing Larry as sole managing conservator of S.M., and (3) appointing Lynne as possessory conservator of S.M. Under the trial court's order, Larry now has the exclusive right to (1) designate the primary residence of S.M., (2) consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of S.M., and (3) make decisions concerning S.M.'s education. The trial court also found that credible evidence had been presented that Lynne had "a history or pattern of physical abuse and/or neglect directed against S.M." The trial court therefore ordered that all visitation between Lynne and S.M. is to be supervised under the Harris County "SAFE Program."

The trial court assessed, as "child support," $12,322.28 in attorney's fees in favor of Larry and against Lynne. Additionally, the trial court assessed as "child support" $7,143.75 in attorney's fees in favor of the amicus attorney and against Larry. However, the trial court simultaneously ordered Lynne to reimburse Larry for the amount of $7,143.75 in attorney's fees paid to the amicus attorney. Finally, Lynne was ordered to pay retroactive child support to Larry in the amount of $1,200.

## II. ISSUES AND ANALYSIS

**A. Did the trial court reversibly err by failing to file findings of fact and conclusions of law?**

in chambers at any time during the bench

■ In her first issue, Lynne contends the trial court reversibly erred by failing to file findings of fact and conclusions of law. Lynne claims she cannot determine the trial court's reasons for its rulings in the final order.

Lynne timely requested findings of fact and conclusions of law after the trial court signed its order modifying the parent-child relationship and awarding attorney's fees as child support. See Tex.R. Civ. P. 296. The trial court failed to make findings or conclusions within the allotted time, and Lynne timely filed a notice of past-due findings of fact and conclusions of law. No findings or conclusions were ever made.

■ A trial court must file written findings of fact and conclusions of law when timely requested by a party. See Tex.R. Civ. P. 296, 297; *Cherne Indus. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). The trial court's failure to respond to a timely request constitutes error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm. *Id.* An appellant is harmed if there are two or more possible grounds on which the court could have ruled and the appellant is left to guess the basis of the trial court's ruling. *Goggins v. Leo*, 849 S.W.2d 373, 379 (Tex.App.-Houston [14th Dist.] 1993, no writ). The proper remedy in that situation is to abate the appeal and direct the trial court to correct its error. *Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex.App.-Houston [14th Dist.] 1996, no pet.). Lynne contends that she was harmed by the trial court's failure to make findings and conclusions because she has to guess as to why: (1) she was removed as joint managing conservator and named only as a possessory conservator of S.M.; (2) certain parental rights (such as healthcare and educational decision mak-

trial.

ing authority) were granted exclusively to Larry; and (3) the trial court assessed all of the attorney's fees against Lynne and awarded them as "in the nature of child support."

Although the trial court did not set forth findings in a separate document, the trial court erroneously included findings in its order modifying the parent-child relationship. These findings have probative value as long as they do not conflict with those in a separate document. *See In re U.P.,* 105 S.W.3d 222, 229, n. 3 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). In its final order, signed on September 27, 2005, the trial court found that "the material allegations in the petition to modify are true and a material and substantial change has occurred since the last order and the requested modification is in the best interest of the child." In addition, the trial court's order clearly reflects that it considered the fact that S.M. (a child over twelve years) prefers that Larry have the exclusive right to determine S.M.'s primary residence. The trial court had the authority to modify the conservatorship rights of S.M. upon a showing that it was in S.M.'s best interest and that he had filed with the court, in writing, the name of the person whom he preferred to have authority to determine his primary residence. *See* TEX. FAM.CODE Ann. § 156.101(2) (Vernon Supp. 2006). Because there are no findings in a separate document that conflict with the findings set out in the trial court's order, these findings will not be denied probative value. *See U.P.,* 105 S.W.3d at 229, n. 3. Thus, the trial court's failure to enter findings of fact or conclusions of law did not leave Lynne to guess the basis for the trial

court's ruling and did not prevent her from making a proper presentation of her case to this court. *See Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996) (finding trial court's failure to issue findings and conclusions to be harmless as it related to the division of property because there was ample evidence in the record to support the judgment). Therefore, we conclude that the trial court's error in failing to file findings of fact and conclusions of law is harmless. We overrule Lynne's first issue.

**B. Did the trial court abuse its discretion in limiting the mother's periods of possession to less than that provided in a standard possession order, and in ordering that her periods of possession be supervised?**

In her second issue, Lynne contends the trial court abused its discretion by ordering that her periods of possession of S.M. be supervised. In her third issue, Lynne contends the trial court abused its discretion in limiting these periods to less than those provided in a standard possession order. Because Lynne's argument under both issues is essentially that the trial court abused its discretion in deviating from the standard possession order[4] by ordering supervised visitation, we address these two issues together.

Lynne contends the trial court abused its discretion because the evidence is insufficient to support the trial court's finding that she "has a history or pattern of physical abuse and/or neglect directed against S.M." We evaluate a trial court's decision to modify an order for conserva-

---

**4.** In its order, the trial court deviated from the standard possession order by ordering that Lynne's visitation be under the supervision of the Harris County "SAFE Program" on the second and fourth Saturday of each month at the times prescribed by the "SAFE Program" at the SAFE location nearest the child's residence. The trial court stated that it did so based on its finding that credible evidence had been presented that Lynne has a history or pattern of physical abuse and/or neglect directed against S.M.

torship or possession of a child under an abuse-of-discretion standard. *See Roosth v. Roosth,* 889 S.W.2d 445, 451 (Tex.App.-Houston [14th Dist.] 1994, writ denied). Generally, the test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the trial court acted arbitrarily and unreasonably. *See McDaniel v. Yarbrough,* 898 S.W.2d 251, 253 (Tex. 1995). Under an abuse-of-discretion standard, legal and factual insufficiency are not independent grounds of error, but rather are relevant factors in assessing whether the trial court abused its discretion. *In re T.J.L.,* 97 S.W.3d 257, 266 (Tex.App.-Houston [14th Dist.] 2002, no pet.). There is no abuse of discretion as long as some evidence of a substantive and probative character exists to support the trial court's decision. *Id.*

■ We now consider whether the evidence is sufficient to support the trial court's finding that Lynne has "a history or pattern of physical abuse and/or neglect directed against [S.M.]" At the modification hearing, Larry was the only witness who testified as to any alleged danger he believed his son would be in should he remain with Lynne. Larry testified that S.M. would be in danger without supervised visitation, and that S.M. "expressed a fear of his step-dad" and that his step-dad "had been hitting him." Larry also introduced a copy of an incident report from the Harris County Constable's office. This report states that deputies responded to an information call regarding injury to a child by bodily force on February 28, 2005, and that the deputies completed a report. This document, however, does not include a copy of the deputies' report and does not identify the parties or the child that allegedly was injured.

The record is utterly devoid of evidence that Lynne ever abused or neglected S.M. or that she allowed him to be abused or neglected while in her presence. Though the record contains some evidence that S.M. expressed a fear of Lynne's husband, the record contains no evidence that would suggest that Lynne witnessed her husband (Juan Guerra) strike S.M. on the evening S.M. ran to a neighbor's home, or on any other occasion. Lynne testified that she and her husband "do not believe in spanking" and have never spanked any of her children. Lynne stated that S.M. did have two bruises on his arm but that they were old bruises and that S.M. told her that "he got them from his bed." Lynne further testified that S.M. never told her that his step-father had hit or abused him. Though the trial court was free to disbelieve Lynne's testimony, there is nothing in the record that suggests even a single incident of abuse or neglect by Lynne. Reviewing the evidence in the light most favorable to the challenged finding, indulging every reasonable inference that would support it, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not, we conclude the evidence at trial would not enable reasonable and fair-minded people to find that Lynne exhibited a history or a pattern of abuse or neglect toward S.M. *See City of Keller v. Wilson,* 168 S.W.3d 802, 822, 827 (Tex. 2005). Therefore, the evidence presented at trial is legally insufficient to support the trial court's finding that Lynne had exhibited a history or a pattern of abuse or neglect toward S.M. Moreover, there is no evidence in the record of any other basis upon which the trial court could have exercised its discretion to order that Lynne's visitation be under the supervision of the Harris County "SAFE Program." On this record, the trial court abused its discretion in deviating from the guidelines of a standard possession order and in ordering that Lynne's periods of visitation with S.M.

must be supervised. *See Roosth*, 889 S.W.2d at 450–52. (holding trial court abused its discretion in limiting parent's visitation periods with child). Accordingly, we sustain Lynne's second and third issues.

**C. Did the trial court abuse its discretion in designating the father sole managing conservator when the father did not request such relief?**

In her fourth issue, Lynne contends the trial court abused its discretion in modifying the joint managing conservatorship and in naming Larry the sole managing conservator because Larry never requested this relief. The Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to Larry's petition to modify. *See* TEX. FAM.CODE ANN. § 156.004 (Vernon 2002). Therefore, the trial court's judgment must conform to the pleadings; however, if issues not raised by the pleadings are tried by express or implied consent of the parties, these issues shall be treated as if they had been raised by the pleadings.[5] *See* Tex.R. Civ. P. 67, 301; *Halla v. Halla*, No. 14–06–01126–CV, 2007 WL 2367600, at *2 (Tex.App.-Houston [14th Dist.] Aug. 21, 2007, no pet. h.).

Although Larry requested certain exclusive rights in his petition to modify, the trial court was free to grant Larry these exclusive rights while, at the same time, ordering Larry and Lynne to remain as joint managing conservators. Larry did not seek to be appointed sole managing conservator in his petition. During direct examination at trial, Larry testified that he wanted certain exclusive rights, without referring to the right to be sole managing conservator. Larry then stated that he wanted all other rights to be shared. Larry never requested the trial court to appoint him as sole managing conservator. To the contrary, through this testimony, Larry expressly requested that the conservatorship be shared. Thus, the issue of sole managing conservatorship was not tried by consent of the parties. Therefore, the trial court erred in granting Larry relief that he did not request in his petition. *See Binder v. Joe*, 193 S.W.3d 29, 32–33 (Tex.App.-Houston [1st Dist.] 2006, no pet.) (holding that trial court erred in naming party as sole managing conservator because party did not seek this relief in his pleading in restricted appeal from default judgment, which is also required to conform to the pleadings). We conclude the trial court erred in naming Larry as sole managing conservator and in not continuing the conservatorship with Larry and Lynne serving as joint managing conservators. Accordingly, we sustain Lynne's fourth issue.

**D. Did the trial court abuse its discretion in granting the father the exclusive rights to make certain medical and educational decisions for the child?**

In her fifth issue, Lynne contends that the trial court abused its discretion in granting Larry the exclusive rights to (1)

---

5. In *Leithold v. Plass*, the Texas Supreme Court held that the petitioner's pleadings for modification were sufficient. *See* 413 S.W.2d 698, 701 (Tex.1967). This case predated the enactment of the Texas Family Code, and it is not clear what issue was presented regarding the petitioner's pleading. *See id.* It appears that respondent argued that petitioner's pleading was insufficient to request a modification of visitation rights because petitioner requested that he be given "custody and con-

trol" of his son rather than "visitation." *See id.* The Texas Supreme Court held that petitioner's pleading was sufficient. *See id.* In this case the high court did not hold that the civil procedure rules regarding pleadings and judgments do not apply to cases involving custody of minor children. *See id.* Even if it had so held, the enactment of section 156.004 of the Texas Family Code would supersede this holding. *See* TEX. FAM.CODE Ann. § 156.004 (Vernon 2002).

consent to medical, dental, and surgical treatment involving invasive procedures as well as psychiatric and psychological treatment of S.M., and (2) make decisions concerning S.M.'s education. Lynne asserts that the evidence is legally and factually insufficient to support this relief.[6]

First of all, we note that Lynne has not challenged on appeal the trial court's granting to Larry of the exclusive right to designate the primary residence of S.M.[7] In addition, the record shows evidence at trial of the following:

- Lynne lives in Katy, and Larry lives in Clear Lake.
- When S.M. started living with Larry, he was enrolled in Katy Independent School District ("Katy I.S.D."). Every school day for the last few months of school, Larry drove S.M. back and forth from Clear Lake to his school in Katy.
- S.M.'s grades improved after he started living with Larry.
- S.M. has expressed a desire to live with Larry.
- At the time of trial, S.M. was attending Clear Lake High School. He likes that school and wants to continue going to that school.
- In the six months prior to trial, Lynne had visited S.M. only one time.
- Lynne refused to give Larry S.M.'s personal belongings after S.M. started living with Larry. Therefore, Larry had to buy S.M. all new clothes.

- Even though Lynne had some of S.M.'s textbooks for Katy I.S.D., she refused to give them to her son after he started living with Larry.

The record contains evidence demonstrating Larry's commitment to S.M.'s well-being and education and Lynne's indifference or non-responsiveness to some of S.M.'s needs in these areas. The trial evidence is legally and factually sufficient to support the trial court's determination that it is in S.M.'s best interest that Larry have the exclusive right to make decisions concerning S.M.'s education, as well as the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of S.M. The trial court did not abuse its discretion in granting Larry these exclusive rights. *See In re Z.B.P.*, 109 S.W.3d 772, 779–80 (Tex.App.-Fort Worth 2003, no pet.) (concluding that the record supported trial court's finding that naming the father as the joint managing conservator with the exclusive right to determine children's residence, health care, and education was in the children's best interests); *London v. London*, 94 S.W.3d 139, 150 (Tex.App.-Houston [14th Dist.] 2002, no pet.) (holding that the evidence supported trial court's award to father of exclusive right to make education decisions for the children). Accordingly, we overrule Lynne's fifth issue.

**E. Should this court reverse the attorney's fees awards?**

---

6. Lynne also asserts that the trial court erred in awarding this relief in its order because it did not mention this relief in its oral rendition in open court following trial. However, the trial court signed its order within thirty days after the oral rendition, and, therefore, it had plenary power to modify its earlier rendition. Such a modification is not erroneous merely because the subsequent order does not mirror the earlier rendition. *See Stallworth v. Stall-*

*worth*, 201 S.W.3d 338, 349 (Tex.App.-Dallas 2006, no pet.).

7. Even if Lynne had challenged this ruling, we would conclude the trial court did not abuse its discretion in this regard based on S.M.'s preference that Larry have the exclusive right to determine S.M.'s primary residence and based on Larry's testimony at trial.

In issues six through eight, Lynne asserts various challenges against the trial court's award of attorney's fees, its assessment of attorney's fees and costs as "in the nature of child support," and its award to Larry of reimbursement of attorney's fees that Larry had paid to the amicus attorney. Prior to the trial court's modification order, Lynne was a joint managing conservator with exclusive rights to determine residence and to consent to invasive medical, dental, and surgical treatment. In the modification order, the trial court (1) removed Lynne as joint managing conservator of S.M., (2) appointed Larry as sole managing conservator of S.M., and (3) appointed Lynne as possessory conservator of S.M., whose visitation with S.M. is less than that provided in a standard possession order and must be supervised. Under the trial court's order, Larry has the exclusive right to (1) designate the primary residence of S.M., (2) consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of S.M., and (3) make decisions concerning S.M.'s education. On appeal, we have held that (1) the trial court should have left Lynne and Larry as joint managing conservators, and (2) the trial court erred by limiting Lynne's periods of possession to less than that provided in a standard possession order and by ordering that her periods of possession be supervised. Because this court is not reasonably certain that the trial court's attorney's fees determination was not significantly affected by its errors regarding conservatorship, periods of possession, and supervision, we reverse all attorney's fees awards and remand these issues to the trial court for reconsideration based on the outcome following this appeal. *See Young v. Qualls,* 223 S.W.3d 312, 314–15 (Tex.2007) (per curiam).

## III. CONCLUSION

The trial court did not reversibly err in failing to file findings of fact and conclusions of law or in granting Larry the exclusive right to make decisions concerning S.M.'s education, as well as the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures and to consent to psychiatric and psychological treatment of S.M. The trial court, however, abused its discretion by (1) limiting Lynne's periods of possession to less than that provided in a standard possession order, (2) ordering that her periods of possession be supervised, and (3) designating Larry as sole managing conservator rather than continuing Larry and Lynne as joint managing conservators. Given these errors, we reverse all attorney's fees awards and remand these issues to the trial court for reconsideration. Accordingly, the trial court's order is reversed and remanded for rendition of a modification order in accordance with this opinion, for reconsideration of the attorney's fees awards, and for any further proceedings that may be necessary.