**Memorandum Opinion filed November 10, 2016, Withdrawn; Affirmed and Substitute Memorandum Opinion filed May 17, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00015-CV

## IN THE INTEREST OF C.C.G., A Child

**On Appeal from the 315th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-03557J**

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We deny the motion for rehearing en banc as moot, withdraw our memorandum opinion filed November 10, 2015, and issue the following substitute memorandum opinion.

This appeal arises from an order signed by the trial court on December 17, 2014. The underlying suit was initiated by the Texas Department of Family and Protective Services and sought termination of the parental rights of M.L.G. (the mother) and S.G., (the Father), as joint managing conservators and gave the Father

the right to establish the Child's primary residence. From that order, Mother brings this appeal.

In her brief, appellant contends reversal of the trial court's order is required because the trial court failed to file findings of fact and conclusions of law. As this court has noted, "a trial court must file written findings of fact and conclusions of law when timely requested by a party." *Baltzer v. Medina,* 240 S.W.3d 469, 474–75 (Tex.App.—Houston [14th Dist.] 2007, no pet.) (citing Tex. R. Civ. P. 296, 297; *Cherne Indus. v. Magallanes,* 763 S.W.2d 768, 772 (Tex. 1989)). "The trial court's failure to respond to a timely request constitutes error and is presumed harmful unless the record affirmatively shows that the complaining party has suffered no harm." *Id.* If there are two or more possible grounds on which the court could have ruled, and the appellant is left to guess the basis of the trial court's ruling, an appellant is harmed. *Id.* (citing *Goggins v. Leo,* 849 S.W.2d 373, 379 (Tex.App.—Houston [14th Dist.] 1993, no writ)). The trial court's error in failing to file findings of fact and conclusion of law is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Rumscheidt v. Rumscheidt*, 362 S.W.3d 661, 665 (Tex.App.—Houston [14th Dist.] 2011, no pet.). When the circumstances of a case require an appellant to guess the reason the court ruled as it did, harm may exist. *In re J.I.T.P.,* 99 S.W.3d 841, 848-49 (Tex.App. — Houston [14th Dist.] 2003, no pet.).

In this case, as in *Baltzer*, the trial court did not set forth findings in a separate document but erroneously included findings in its order modifying the parent-child relationship. *Baltzer*, 240 S.W.3d at 474. "These findings have probative value as long as they do not conflict with those in a separate document." *Id.* (citing *In re U.P.,* 105 S.W.3d 222, 229, n. 3 (Tex.App.—Houston [14th Dist.] 2003, pet. denied)). In its final order the trial court found "the material allegations

in the Department's *Third Amended Motion to Modify* are true and that the following orders are in the best interest of the child." Further, the trial court found that circumstances "have materially and substantially changed since the rendition of the order to be modified." Because there are no findings in a separate document that conflict with these findings, they will not be denied probative value. *Id.* (citing *U.P.,* 105 S.W.3d at 229, n. 3). Thus, the trial court's failure to enter findings of fact or conclusions of law did not leave appellant to guess the basis for the trial court's ruling and did not prevent her from making a proper presentation of her case to this court. *Id.* (citing *Tenery v. Tenery,* 932 S.W.2d 29, 30 (Tex.1996)).

Mother contends she cannot know upon what facts the trial court relied. However, as this court held in *In re J.I.T.P.,* 99 S.W.3d at 848-49, because a complete reporter's record was filed, appellant was able to fully brief, and we were able to fully review, whether the judgment is supported by legally and factually sufficient evidence. Moreover, appellant does not identify any issue that she was unable to brief as a result of the trial court's failure to make findings of fact and conclusions of law. *See Watts v. Oliver,* 396 S.W.3d 124, 131 (Tex.App. — Houston [14th Dist.] 2013, no pet.).

For these reasons, we conclude the trial court's error in failing to file findings of fact and conclusions of law was harmless. Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Jamison, McCally and Wise.

3