**Affirmed and Opinion filed December 29, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-18-01096-CV

_____

**KENNETH W. ISAAC, Appellant**

**V.**

**CONSTANCE BURNSIDE, Appellee**

**On Appeal from the Probate Court No. 2
Harris County, Texas
Trial Court Cause No. 419,942-401**

## O P I N I O N

Following a bench trial, the trial court rendered judgment in favor of a decedent's widow on her breach-of-fiduciary-duty claims against the independent executor of the decedent's estate. Concluding that the independent executor has not shown that the trial court reversibly erred, we affirm.

# I. Factual and Procedural Background

Appellee/plaintiff Constance Burnside filed suit in the trial court against appellant/defendant Kenneth W. Isaac, the independent executor of the estate of Ernest Burnside, Constance's deceased husband (the "Decedent"). Burnside alleged that Isaac breached his fiduciary duty as executor by failing to give Burnside one-half of the money in the Decedent's bank accounts and by failing to pay Burnside for expenses she incurred for the Decedent's funeral.

Isaac filed a summary-judgment motion. The trial court denied the motion, and the case proceeded to a bench trial. After trial, the trial court rendered judgment in Burnside's favor and made the following findings in the judgment:

- Isaac had a fiduciary duty as independent executor of the estate of Ernest Burnside (the "Estate").

- A fiduciary/beneficiary relationship existed between Isaac, as independent executor of the Estate, and Burnside, as heir/beneficiary in the Decedent's Last Will and Testament (the "Will").

- Isaac breached his fiduciary duty as independent executor of the Estate by (1) failing to distribute to Burnside one-half of the money the Decedent owned in any bank account, (2) failing to reimburse Burnside for the Decedent's funeral and burial expenses, and (3) failing to collect funds of the Estate that Isaac possessed and illegally took for himself.

- Burnside, as heir/beneficiary, suffered injury as a result of Isaac's breach.

- Isaac profited from his breach of fiduciary duty as independent executor of the Estate.

- Isaac committed defalcation while acting in a fiduciary capacity by improperly and knowingly (1) disregarding the obligation to maintain accurate records of all expenses and receipts of the Estate, (2) disregarding the obligation to collect funds of the Estate that Isaac possessed for himself, and (3) failing to distribute funds to Burnside in accordance with the provisions of the Will.

2

- Isaac committed misapplication of fiduciary property by knowingly misapplying Estate funds while acting as a fiduciary in a manner that caused substantial loss to Burnside.

The trial court rendered judgment that Burnside recover from Isaac (1) $226,489.38 as the outstanding amount due to Burnside from the Decedent's bequest to Burnside of "one-half of the money I own in any bank account," (2) $8,665 as reimbursement to Burnside for the Decedent's funeral and burial expenses, (3) prejudgment and postjudgment interest, and (4) costs of court.

## II. ISSUES AND ANALYSIS

On appeal, Isaac presents four issues in challenging the trial court's judgment. Isaac asserts that (1) Texas Health and Safety Code section 711.002(h) and article 2.1 of the Will control the disposition of the Decedent's remains and bar Burnside's claim for reimbursement of funeral expenses as a matter of law; (2) the trial court erred in denying Isaac's summary-judgment motion; (3) by filing a claim for reimbursement of funeral expenses, Burnside triggered the Will's *in terrorem* clause; and (4) the trial court reversibly erred in failing to file findings of fact and conclusions of law.

### A. May this court review the denial of Isaac's summary-judgment motion?

In his second issue, Isaac contends that the trial court erred in denying his summary-judgment motion. Isaac asserts various arguments in support of this contention. Because a trial on the merits followed the denial of Isaac's summary-judgment motion, we cannot review the trial court's denial of this motion. *See 2001 Trinity Fund LLC v. Carrizo Oil & Gas, Inc.*, 393 S.W.3d 442, 456, n. 6 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Therefore, we overrule the second issue.

**B. Did the trial evidence prove as a matter of law that Texas Health and Safety Code section 711.002(h) bars Burnside's reimbursement claim?**

In his first issue, Isaac asserts that Texas Health and Safety Code section 711.002(h) controls the disposition of the Decedent's remains. *See* Tex. Health & Safety Code Ann. 711.002(h) (West, Westlaw through 2019 R.S.). According to Isaac, section 711.002(h) bars Burnside's claim for reimbursement of funeral expenses as a matter of law. Liberally construing his briefing, we conclude that Isaac argues the trial evidence proves as a matter of law that section 711.002(h) bars Burnside's reimbursement claim. Section 711.002, entitled "Disposition of Remains; Duty to Inter," provides in pertinent part:

(a) Except as provided by Subsection (l), *unless a decedent has left directions in writing for the disposition of the decedent's remains as provided in Subsection (g)*, the following persons, in the priority listed, *have the right to control the disposition, including cremation, of the decedent's remains*, shall inter the remains, and in accordance with Subsection (a-1) are liable for the reasonable cost of interment:

    (1) the person designated in a written instrument signed by the decedent;

. . .

(g) A person may provide *written directions for the disposition, including cremation, of the person's remains in a will*, a prepaid funeral contract, or a written instrument signed and acknowledged by such person. The person otherwise entitled to control the disposition of a decedent's remains under this section shall faithfully carry out the directions of the decedent to the extent that the decedent's estate or the person controlling the disposition are financially able to do so.

(h) *If the directions are in a will*, they shall be carried out immediately without the necessity of probate. If the will is not probated or is declared invalid for testamentary purposes, the directions are valid to the extent to which they have been acted on in good faith.

Tex. Health & Safety Code Ann. 711.002 (West, Westlaw through 2019 R.S.) (emphasis added).

In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). Under the unambiguous language of the statute, section 711.002(h) applies when a person provides written directions in a will for the disposition of the person's remains. *See* Tex. Health & Safety Code Ann. 711.002. In article 2.1 of the Will, the Decedent directed that "my Executor make all arrangements for my funeral in keeping with my beliefs and station in life." In the same section, the Decedent also directed that "no other funeral or arrangements may be made or entered into by my heir [sic]." Under its unambiguous language, the Will does not contain any written directions for the disposition of the Decedent's remains. Thus, section 711.002(h) does not apply to today's case, and the trial evidence does not prove as a matter of law that section 711.002(h) bars Burnside's reimbursement claim. *See* Tex. Health & Safety Code Ann. 711.002.

**C. Did the trial evidence prove as a matter of law that article 2.1 of the Will bars Burnside's reimbursement claim?**

Under his first issue, Isaac asserts that article 2.1 of the Will governs the disposition of the Decedent's remains and bars Burnside's claim for reimbursement of funeral expenses as a matter of law. Liberally construing his briefing, we conclude that Isaac argues the trial evidence proves as a matter of law that article 2.1 of the Will bars Burnside's reimbursement claim. Burnside testified at trial that Burnside, Isaac, and Isaac's brother made the funeral arrangements. According to Burnside's testimony, Burnside did not see the Will until after the

5

funeral, and Isaac never told Burnside that only he was allowed to make funeral arrangements. Isaac testified that he did not learn the contents of the Will until after the funeral.

As stated above, in article 2.1, the Decedent directed that (1) "[his] Executor" make all arrangements for the Decedent's funeral in keeping with the Decedent's beliefs and station in life, and (2) the Decedent also directed that his heirs make no other funeral arrangements. In article 2.2 of the Will, the Decedent directed that "all [his] debts and funeral expenses be fully paid as soon after [his] death as practicable." Though the Decedent directed that the independent executor make all the funeral arrangements, the Decedent did not state that only funeral expenses based on arrangements made by the independent executor should be paid. Under the plain text of the Will, the Decedent directed that all expenses for his funeral be paid from the Estate. Thus, the trial evidence does not prove as a matter of law that article 2.1 of the Will bars Burnside's claim for reimbursement of funeral expenses. We overrule Isaac's first issue.

### D. Did the trial evidence prove as a matter of law that Burnside's reimbursement claim triggered the Will's *in terrorem* clause?

In his third issue, Isaac asserts that by filing a claim for reimbursement of funeral expenses, Burnside triggered the Will's *in terrorem* clause, thus forfeiting the devises made to her in the Will. Liberally construing Isaac's briefing, we conclude that he asserts the trial evidence proves as a matter of law that the reimbursement claim triggered the Will's *in terrorem* clause. Isaac claims that in Burnside's reimbursement claim, she seeks to impair or invalidate article 2.1 of the Will. As discussed above, the trial evidence does not prove as a matter of law that article 2.1 of the Will bars Burnside's reimbursement claim. Isaac has not shown that the trial evidence proves as a matter of law that Burnside's reimbursement claim triggered the Will's *in terrorem* clause so as to preclude Burnside from

recovering on one of her claims.  Therefore, we overrule the third issue.

**E. Did the trial court reversibly err in failing to issue findings of fact and conclusions of law?**

In his fourth issue, Isaac asserts that the trial court reversibly erred in failing to issue findings of fact and conclusions of law.  The trial court acted contrary to the rules of civil procedure by placing fact findings in its judgment.  *See* Tex. R. Civ. P. 299a.  Placing findings in the judgment did not relieve the trial court of its duty to make findings of fact and conclusions of law upon timely request by a party.  *See* Tex. R. Civ. P. 296, 297.  Isaac timely requested findings of fact and conclusions of law after the trial court rendered judgment.  *See* Tex. R. Civ. P. 296. The trial court failed to make findings or conclusions within the allotted time, and Isaac timely filed a notice of past-due findings of fact and conclusions of law.  *See* Tex. R. Civ. P. 297.  Isaac did not ask this court to abate the appeal and order the trial judge to make findings. Instead, he fully briefed his case.

A trial court must file written findings of fact and conclusions of law when timely requested by a party.  *See Baltzer v. Medina*, 240 S.W.3d 469, 473 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  The trial court's failure to respond to a timely request constitutes error, and we presume that error to be harmful unless the record affirmatively shows that the complaining party has suffered no harm.  *See id.*

Although the trial court did not set forth findings in a separate document, the trial court included fact findings in its judgment. Though erroneously placed, these findings have probative value so long as they do not conflict with those in a separate document.  *See id.* at 474.  Because there are no findings in a separate document, we will not deny these findings probative value. *See id.* Based on its rulings and findings, the trial court necessarily rejected Isaac's arguments that

7

Texas Health and Safety Code section 711.002(h) and article 2.1 of the Will preclude Burnside's recovery on her reimbursement claim and that Burnside triggered the Will's *in terrorem* clause. We have been able to address all of Isaac's other appellate complaints without separate findings of fact and conclusions of law. We conclude that the trial court's failure to issue findings of fact and conclusions of law did not leave Isaac to guess the basis for the trial court's rulings and did not prevent him from making a proper presentation of his case to this court. *See Baltzer*, 240 S.W.3d 473–74. Therefore, the trial court's error in failing to file findings of fact and conclusions of law is harmless, and we overrule Isaac's fourth issue.

### III. CONCLUSION

Isaac has not shown that the trial court reversibly erred. Having overruled all of Isaac's issues on appeal, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.