**Reversed and Rendered and Opinion filed September 6, 2012.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-11-00998-CV

_____

**ELLEN FOLEY, Appellant**

**V.**

**CAPITAL ONE BANK, N.A., Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 986143**

## OPINION

Ellen Foley appeals from a deficiency judgment rendered in favor of Capital One Bank, N.A. ("Capital One"), which repossessed and sold a vehicle that Foley had purchased with proceeds of a loan from Capital One. Because there is legally insufficient evidence that Capital One disposed of the vehicle in a commercially reasonable manner, we reverse the judgment of the trial court and render judgment that Capital One take nothing on its claim against Foley.

## BACKGROUND

In 2006, Foley executed a motor vehicle sales installment contract with Capital One for the purchase of a Chevrolet Silverado truck. After Foley failed to make payments on the loan, Capital One repossessed and sold the vehicle. In 2011, Capital One sued Foley in Harris County Civil Court at Law No. 4 for the remaining balance due on the loan. Capital One pleaded that "all conditions precedent to Plaintiff's right of recovery have been fulfilled." Capital One filed a business records affidavit indicating the vehicle was sold sometime after December 26, 2009 and prior to February 16, 2010.

In her second amended answer, Foley alleged Capital One "failed to dispose of the collateral in a commercially reasonable manner and, therefore, is not entitled to recover a deficiency judgment." At the brief bench trial, no testimony was presented regarding the commercial reasonableness of the sale. Foley's attorney moved for a take-nothing judgment, explaining that Capital One had the burden of proof on the reasonableness issue and that it failed to offer any evidence to meet its burden. The judge noted that no parties or other witnesses were present to testify and stated, "since we don't have any live witnesses here today except for the business record affidavit, the Court finds as follows: The Court will award judgment in the amount of $18,011.37."

Foley requested findings of fact and conclusions of law. Capital One submitted proposed findings, but it did not specifically request a finding on commercial reasonableness. The court signed Capital One's proposed findings, and Foley filed a timely notice of appeal.

## ANALYSIS

Foley presents two issues on appeal: (1) whether Capital One had the burden to prove commercial reasonableness; and (2) whether the trial judge erred by rendering judgment for Capital One absent legally sufficient evidence of commercial reasonableness.

## I.  Standard of review

Findings of fact of fact "have the same force and dignity" as a jury's verdict and are reviewable under the same standards of legal and factual sufficiency. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). When a legal sufficiency challenge concerns an issue on which the appellant does not bear the burden of proof, the court of appeals reviews it under a "no evidence" standard:

> "No evidence" points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact.

*City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). Evidence does not exceed a scintilla if jurors "would have to guess whether a vital fact exists." *Id*. at 813. The "final test" for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*. at 827. Generally, the proper remedy for legal insufficiency is rendition of judgment for the appellant. *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176 (Tex. 1986).

When an appellant challenges the trial court's construction of a statute or application of the law, the standard of review is de novo. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *El Paso Natural Gas Co. v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 312–13 (Tex. 1999).

## II.  The evidence is legally insufficient to establish the essential element that Capital One disposed of the vehicle in a commercially reasonable manner.

Article 9 of the Texas Uniform Commercial Code provides that when a debtor defaults on an obligation, a secured party may take possession of collateral, dispose of it, and apply the proceeds to help satisfy the obligation. Tex. Bus. & Com. Code Ann. §§ 9.609, 9.610, 9.615 (West 2011). If the proceeds are insufficient to satisfy the

obligation, and the secured party wishes to obtain a deficiency judgment for the amount still owing on the obligation, "[e]very aspect of [the] disposition of collateral, including the method, manner, time, place and other terms, must be commercially reasonable." *Id.* § 9.610; *see Regal Fin. Co. v. Tex Star Motors, Inc.*, 355 S.W.3d 595, 599 (Tex. 2010).

Under the common law, a creditor seeking a deficiency judgment has the burden of pleading that disposition of the collateral was commercially reasonable. *Greathouse v. Charter Nat'l Bank-Sw.*, 851 S.W.2d 173, 177 (Tex. 1992). A creditor can meet this burden by pleading specifically that disposition was reasonable, or by pleading generally that "all conditions precedent have been performed or have occurred." *Id.* If the debtor responds to a general pleading with a specific denial, the burden shifts back to the creditor to prove reasonableness at trial. *Id.* For non-consumer transactions, this burden has been further developed in Article 9. *See* Tex. Bus. & Com. Code Ann. § 9.626(a). For consumer transactions, however, the statute provides that it "is intended to leave to the court the determination of the proper rules," and that the court "may continue to apply established approaches." *Id.* § 9.626(b).

The parties do not dispute that the purchase was a consumer transaction, and the evidence shows Foley purchased the vehicle for personal, family, or household use. *See* Tex. Bus. & Com. Code Ann. § 9.102(26) (defining "consumer transaction"). We therefore apply the common-law rule of *Greathouse*, which places the burden of pleading commercial reasonableness on the creditor. Capital One met its initial burden by stating in its petition, "All conditions precedent to Plaintiff's right of recovery have been fulfilled." Foley specifically denied that Capital One disposed of the vehicle in a commercially reasonable manner. As Capital One now concedes, Foley's denial shifted the burden to Capital One to prove this essential element of its claim. We sustain Foley's first issue.

In her second issue, Foley contends that Capital One offered legally insufficient evidence of commercial reasonableness and urges us to render judgment in her favor.

4

Capital One responds that "there is no 'finding' by the Court that Foley may challenge based on a lack of support thereof in evidence." Omitted findings are governed by Texas Rule of Civil Procedure 299. On appeal, an omitted element of a ground of recovery will be presumptively found in support of the judgment if three conditions are met: "(1) an element of the ground of recovery was included in the findings of fact; (2) the omitted element has not been properly requested; and (3) the omitted finding is supported by the evidence." *Am. Nat'l Ins. Co. v. Paul*, 927 S.W.2d 239, 245 (Tex. App.—Austin 1996, writ denied); *see also* Tex. R. Civ. P. 299; *Crithfield v. Boothe*, 343 S.W.3d 274, 285 (Tex. App.—Dallas 2011, no pet.).

In this case, the first condition for a presumed finding of commercial reasonableness is satisfied, because the trial court found all the other elements of Capital One's claim. The second condition is also satisfied, because neither party requested a finding of reasonableness. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 253 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (holding that "requested" under Rule 299 refers to a request for "a finding on specific elements" and not a general request for findings under Rule 296). The third condition is not satisfied, however, because Capital One did not offer legally sufficient evidence of commercial reasonableness, as explained below. *Warren Petroleum Corp. v. Martin*, 271 S.W.2d 410, 412 (Tex. 1954) ("The court cannot presume a finding unless the evidence supports such a finding."); *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 137 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) ("Before this court can presume findings of fact in support of the trial court's judgment, the presumed findings must be supported by the evidence.").

At trial, the only evidence offered regarding the sale of the truck consisted of business records indicating it was sold for $4,700 sometime between December 26, 2009 and February 16, 2010. The record does not indicate how it was sold; one pre-sale notice mentioned a "private sale" while another mentioned an "auction." Capital One offered no evidence that "the method, manner, time, place and other terms" of the sale were

commercially reasonable. Tex. Bus. & Com. Code Ann. § 9.610; *see Regal*, 355 S.W.3d at 601-02 (listing various factors courts have considered when examining the commercial reasonableness of secured creditors' sales of collateral); *see also Havins v. First Nat'l Bank of Paducah*, 919 S.W.2d 177, 181 (Tex. App.—Amarillo 1996, no writ) ("[A]t the very least, and irrespective of what factors are considered, the evidence presented at trial must describe the method, manner, time, place and terms of the sale.").[1] Nor did Capital One offer evidence of any of the reasonableness "safe harbors" that Article 9 provides, such as a sale "in the usual manner on any recognized market." Tex. Bus. & Com. Code Ann. § 9.627(b)(1); *see Regal*, 355 S.W.3d at 599 (listing some Article 9 "safe harbors"). Capital One therefore failed to offer legally sufficient evidence of commercial reasonableness. Accordingly, the Court may not presume a finding in Capital One's favor on this essential element of its claim.

Capital One argues that this legal sufficiency analysis is misplaced, and that a remand is required, because the trial court made a legal error and did not "believe" commercial reasonableness was even an element of Capital One's claim. It is not clear from the record that the trial court held such a belief. Yet even if the court had deliberately omitted a finding of commercial reasonableness, and Capital One had objected to that omission below (which it did not),[2] the omission would be harmless because there is no evidence in this record that could support a reasonableness finding. *See Zieba v. Martin*, 928 S.W.2d 782, 786 (Tex. App.—Houston [14th Dist.] 1996, no pet.) (failure to

---

[1] In *Regal*, the Supreme Court determined that the secured creditor's "testimony on the method and manner of its sales coupled with the loan files evidencing time, place, and other terms creates more than a suspicion or surmise that at least a portion of Regal's sales were commercially reasonable." 355 S.W.3d at 603. The court went on to conclude that the court of appeals erred when it reversed the trial court's judgment based on a legal sufficiency challenge because the conflicting evidence on commercial reasonableness "created a fact issue upon which reasonable minds could differ." *Id.* In this case, however, there is no fact issue because Capital One introduced no evidence regarding the method, manner, time, place, and other terms of the sale.

[2] *Cf. Buckeye Ret. Co. v. Bank of Am.*, 239 S.W.3d 394, 405 (Tex. App.—Dallas 2007, no pet.) (party waives right to complain on appeal about deliberately omitted findings by failing to either object or request additional findings).

file findings is harmful if the record shows "two or more possible grounds on which the court could have ruled and the appellant is left to guess the basis for the trial court's ruling"). Therefore, remanding for the trial court to make a finding on reasonableness would be futile.

Capital One also requests that we remand and direct the trial court to reopen the record for a limited hearing on reasonableness. It relies on *Havins*, a case that was remanded for a new trial on grounds of factually insufficient evidence of reasonableness. In that case, the record included testimony that repossessed cattle were sold at a certain large cattle auction that handled similar cattle, and that the bank received a certain amount of the proceeds. *Havins*, 919 S.W.2d at 181–82. The court of appeals concluded the testimony "constitutes *some evidence* of commercial reasonableness, but it is too weak to survive scrutiny under the microscope of factual sufficiency." *Id*. at 182.

In contrast, Capital One did not produce any evidence at trial about the disposition of the vehicle, other than business records stating that it had been sold. This evidence is legally, as well as factually, insufficient as explained above. Because commercial reasonableness is an essential element of Capital One's claim that has not been found and cannot be presumed on this record, we sustain Foley's second issue, and we reverse and render judgment for Foley. *See Beach v. Resolution Trust Corp.*, 821 S.W.2d 241, 245 (Tex. App.—Houston [1st Dist.] 1991, no writ) ("Justice does not require that the [creditor] receive a new trial to prove what [it] had the burden and the opportunity to prove at the first trial. When we find that a party has won a judgment even though it produced no evidence of an element of its cause of action, our normal remedy is to reverse and render.").

**CONCLUSION**

Having held that the evidence is legally insufficient to establish an essential element of Capital One's deficiency claim against Foley, we reverse the judgment of the trial court and render judgment that Capital One take nothing on its claim against Foley.


/s/     J. Brett Busby
             Justice


Panel consists of Justices Frost, McCally, and Busby.