**Affirmed as Modified in Part and Reversed and Remanded in Part, and Opinion and Concurring Opinion filed May 9, 2013.**



In The

# Fourteenth Court of Appeals

## NO. 14-11-00791-CV

### MAN INDUSTRIES (INDIA), LTD., Appellant

### V.

### MIDCONTINENT EXPRESS PIPELINE, LLC, PRIME PIPE INTERNATIONAL, INC., AND THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., Appellees

## NO. 14-11-00892-CV

### MIDCONTINENT EXPRESS PIPELINE, LLC, Cross-Appellant

### V.

### MAN INDUSTRIES (INDIA), LTD., PRIME PIPE INTERNATIONAL, INC., AND THE BANK OF TOKYO-MITSUBISHI UFJ, LTD., Cross-Appellees

**On Appeal from the 133rd District Court
Harris County, Texas
Trial Court Cause No. 2008-56539**

# CONCURRING OPINION

I respectfully concur in the judgment. I write separately to address the majority's handling of omitted findings in disposing of the cross-appeal.

In its cross-appeal, Midcontinent Express Pipeline, LLC asserts that Man Industries (India), Ltd. acted in bad faith in seeking and obtaining the April 2008 modification to Midcontinent's purchase order with Man. Though the trial court enforced this modification, the trial court made no finding as to whether Man acted in good faith. Midcontinent has sufficiently raised the issue of whether a finding of good faith should be supplied by presumption under Texas Rule of Civil Procedure 299, which governs omitted findings in bench trials. The majority supplies this finding by presumption without addressing whether the evidence supports such a finding regarding the subjective component of the definition of good faith and without addressing whether the evidence is factually sufficient to support such a finding regarding the objective component of this definition. In proceeding in this fashion, the majority contravenes the governing rule and procedure. As explained below, the proper course would be to determine whether the evidence is legally and factually sufficient to support a finding of good faith as to both the objective and subjective components. Because the evidence is legally and factually sufficient to support such a finding, and because the other requirements of Rule 299 are satisfied, it is appropriate to supply such a finding by presumption.

### *Good Faith in Seeking Modification under the Uniform Commercial Code*

In March 2008, Man told Midcontinent for the first time that Man would run out of steel before completing production. Man then sought, negotiated, and obtained a modification to Midcontinent's purchase order with Man. The trial

court enforced this modification agreement but did not address in its findings of fact whether Man complied with its obligation under the Uniform Commercial Code to act in good faith in seeking and obtaining this modification.[1] In its cross-appeal, Midcontinent asserts that the trial court erred by enforcing this modification because Man acted in bad faith in seeking and obtaining the modification. Midcontinent's argument raises the issue of whether this court should supply by presumption under Rule 299 a finding that Man acted with honesty in fact and observed reasonable commercial standards of fair dealing in seeking and obtaining the modification (the "Finding").[2]

### *Omitted Findings Supplied by Presumption*

On appeal, a finding of fact omitted from the trial court's findings of fact will be supplied by presumption in support of the judgment as to an element of a ground of recovery if three conditions are met: (1) an element of the ground of recovery was included in the findings of fact; (2) a finding of fact as to the element was not properly requested; and (3) the evidence is legally and factually sufficient to support a finding of fact as to the element.[3] In its findings of fact, the trial court found that Midcontinent agreed in the April 2008 modification to pay Man an additional $4.4 million and that Midcontinent breached this agreement. The

---

[1] *See* Tex. Bus. & Com. Code Ann. § 1.201(b)(20) (West 2013) (defining "good faith" in this context as "honesty in fact and the observance of reasonable commercial standards of fair dealing"); *id*. § 1.304 (West 2013) (stating that "[e]very contract or duty within this title imposes an obligation of good faith in its performance and enforcement").

[2] *See* Tex. R. Civ. P. 299 (stating that "[t]he judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by evidence, will be supplied by presumption in support of the judgment").

[3]*See id*.; *Foley v. Capital One Bank, N.A*., 383 S.W.3d 644, 648 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 253, 258 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Finding was not properly requested. Thus, the first and second conditions are met.

Considering the evidence in the light most favorable to the Finding, indulging every reasonable inference that would support the Finding, crediting favorable evidence if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not, the trial evidence would enable reasonable and fair-minded people to find that Man acted with honesty in fact and observed reasonable commercial standards of fair dealing in seeking and obtaining the modification.[4] Examining the entire record, considering and weighing all the evidence, including the evidence in favor of, and contrary to, the Finding, the Finding is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.[5] The evidence is legally and factually sufficient to support the Finding, and thus the third condition is met. Because all three conditions are satisfied, this court may supply the Finding by presumption in support of the trial court's judgment and reject Midcontinent's assertion that Man acted in bad faith in seeking and obtaining the modification.[6]

### *Proper Procedure under Rule 299*

The majority supplies the Finding by presumption without addressing whether the record contains legally and factually sufficient evidence to support the subjective component of the Finding and without addressing whether the record contains factually sufficient evidence to support the objective component of the Finding.[7] Instead, this court should analyze and determine whether the evidence is

---

[4]*See City of Keller v. Wilson*, 168 S.W.3d 802, 823, 827 (Tex. 2005); *Bank of Tex. v. VR Elec., Inc*., 276 S.W.3d 671, 679–80 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (determining the evidence was legally sufficient to support a finding of good faith, as defined in Texas Business and Commerce Code section 1.201(b)(20)).

[5]*See Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998).

[6] *See Foley*, 383 S.W.3d at 648; *Vickery*, 5 S.W.3d at 253, 258.

[7] *See ante* at pp. 33–38.

legally and factually sufficient to support both the objective and the subjective components before supplying the Finding by presumption.[8] This important step ensures full and fair review, and it is required by the rules of procedure.

/s/ Kem Thompson Frost
Justice

Panel consists of Justices Frost, Christopher, and Jamison. (Christopher, J., majority).

---

[8] *See* Tex. R. Civ. P. 299; *Foley*, 383 S.W.3d at 648; *Vickery*, 5 S.W.3d at 253, 258.