**Affirmed and Memorandum Opinion filed November 30, 2023**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00027-CV

**MAJED ABOUHATAB, Appellant**

**V.**

**ESW TOWING, LLC, Appellee**

**On Appeal from the County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 1194734**

## MEMORANDUM OPINION

Appellant Majed Abouhatab appeals from the trial court's amended final judgment awarding him $250 actual damages, prejudgment and post-judgment interest, and court costs totaling $526 for the wrongful tow of his car from the Preserve Piney Point Apartments. We affirm.

### BACKGROUND

Abouhatab resided in the Preserve Piney Point Apartments where his car

was towed by appellee ESW Towing, LLC. Abouhatab was able to retrieve his vehicle from ESW Towing without paying a tow or storage charge. Abouhatab requested a tow hearing in justice of the peace court pursuant to Chapter 2308 of the Texas Occupations Code. *See* Tex. Occ. Code Ann. §§ 2308.001–.505. After conducting the hearing, the justice court ordered that Abouhatab "recover nothing from ESW Towing, LLC."

Abouhatab then appealed the justice court's decision for a trial de novo in county court, where he appeared pro se. After a bench trial, the county court signed a final judgment in which it found that ESW Towing was "guilty of forcible detainer of the hereinafter described premises" and awarded Abouhatab $250. No record was taken of the bench trial because Abouhatab failed to timely request one.

Still acting pro se, Abouhatab filed a motion to modify the judgment asking the trial court to award him additional damages. Soon thereafter Abouhatab retained counsel. Abouhatab then filed a First Amended Motion to Modify and Motion for New Trial. The trial court set Abouhatab's motion for an oral hearing.

During the hearing, Abouhatab's counsel did not present evidence, instead she argued that the "motion for new trial focuses on the lack of a record and the lack of some technical things that need to be part of the judgment." She then continued that the "technical things" were prejudgment and post-judgment interest. ESW Towing agreed that the judgment should be amended to include both types of interest. Abouhatab's counsel admitted that Abouhatab "did not request a record . . . because he thought all the proceedings in front of the Court would be recorded." Abouhatab's counsel continued her argument by asserting that Abouhatab "doesn't understand the rules of evidence, which is not uncommon with pro se litigants. And I think we can give - - if we get a new trial, I think we can do a better presentation." She then reinforced her point by arguing that "because there

2

is no record - - that's why we need a redo, so that if either party appeals, there is something for the appeals court to look at." She then completed her argument by asserting that Abouhatab "wants to have a day in court with somebody who knows how to present evidence. And I believe he didn't submit the evidence correctly and that's why we get the result we have." At the conclusion of the hearing, the trial court granted Abouhatab's motion in part, adding prejudgment and post-judgment interest, and it denied the remainder of Abouhatab's motion. This appeal followed.

## ANALYSIS

**I.     Any error by the trial court in not making findings of fact and conclusions of law was harmless and sufficient evidence supports the judgment.**

In his first issue Abouhatab argues that the trial court erred when it failed to make findings of fact and conclusions of law after he timely requested them pursuant to Rules 296 and 297 of the Texas Rules of Civil Procedure. In his third issue, Abouhatab asserts that the evidence is legally and factually insufficient to support the judgment's damages award. We address these issues together.

Abouhatab contends that we must order the trial court to make the findings of fact and conclusions of law and, if the trial court "refuses, then for that reason alone, the case must be remanded for a new trial." In support of his argument Abouhatab cites a prior opinion from this court which stands for the proposition that a party is entitled to a new trial if, through no fault of the party, the reporter's record has been lost or destroyed and it is necessary for the appeal. *See In re N.A.H.*, No. 14-19-00834-CV, 2019 WL 6606724, at *1 (Tex. App.—Houston [14th Dist.] Dec. 5, 2019, no pet.) (mem. op.) ("An appellant is entitled to a new trial when she timely requests the reporter's record, and, by no fault of the

appellant, the reporter's record has been lost or destroyed, is necessary for the appeal, and cannot be reconstructed."). Because in this case the reporter's record was not lost or destroyed, but instead Abouhatab failed to properly request that a record be taken prior to the commencement of his bench trial, we conclude *In re N.A.H.* is distinguishable and does not control the outcome here. *See* Tex. Gov't Code Ann. § 52.046(a) (providing that court reporter shall record proceedings "upon request"); *Izen v. Laine*, 614 S.W.3d 775, 793 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) ("The absence of that record, however, does not mean that the hearing was recorded, or, if recorded, that the record was subsequently lost or destroyed . . . ."); *Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (stating that "pro se litigants . . . are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure"); *Nabalek v. Dist. Attorney of Harris Cty.*, 290 S.W.3d 222, 231 n.9 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (stating that a record is not lost or destroyed when "the hearing was never recorded in the first place").

The primary purpose of findings of fact is to assist the losing party in narrowing the issues on appeal by ascertaining the true basis for the trial court's decision. *Izen*, 614 S.W.3d at 794. A trial court's failure to make findings of fact is harmful if it prevents an appellant from properly presenting a case to the appellate court. *Id.* When findings of fact and conclusions of law are filed and a reporter's record is before the appellate court, the findings will be sustained if there is evidence to support them, and the appellate court will review the legal conclusions drawn from the facts found to determine their correctness. *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 789 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Findings of fact have the same force and dignity as a jury's verdict and are reviewable under the same standards of legal and factual sufficiency.

*Foley v. Capital One Bank, N.A.*, 383 S.W.3d 644, 646 (Tex. App.—Houston [14th Dist.] 2012, no pet.). When findings are not made, an appellate court will imply all findings necessary to support the trial court's judgment. *George Joseph Assets, LLC v. Chenevert*, 557 S.W.3d 755, 764 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). "If the record contains the reporter's record, implied findings may be challenged on appeal for legal and factual sufficiency in the same manner as a challenge to jury findings or express findings of fact." *Id.* In other words, under either scenario, an appellate court must examine the record to review the sufficiency of the evidence supporting the trial court's judgment. *Opoku-Pong v. Boahemaa*, No. 14-19-00070-CV, 2020 WL 3240742, at *2 (Tex. App.—Houston [14th Dist.] June 16, 2020, no pet.) (mem. op.). When no reporter's record is filed, an appellate court must presume that the missing evidence supports the trial court's judgment. *Id.*

Because Abouhatab concedes that he did not request a record, we conclude that the trial court's failure to make findings of fact and conclusions of law is harmless because, without a record, Abouhatab cannot demonstrate on appeal that the evidence is legally or factually insufficient to support the trial court's judgment. *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 151 (Tex. 2015) (citing *Guthrie v. Nat'l Homes Corp.*, 394 S.W.2d 494, 495 (Tex. 1965) (stating that, in the absence of a reporter's record, an appellate court must presume that the trial court's judgment is supported by sufficient evidence)); *Johnson v. Freo Tex. LLC*, No. 01-15-00398-CV, 2016 WL 2745265, at *3 (Tex. App.—Houston [1st Dist.] May 10, 2016, no pet.) (mem. op.) (rejecting pro se litigant's argument that the trial court's judgment should be reversed because she was unable to demonstrate error because she failed to comply with procedural rules and laws requiring her to request a reporter's record). We overrule Abouhatab's first issue.

Turning to Abouhatab's third issue, he asserts that the evidence is legally and factually insufficient to support the trial court's "reduction of his claimed damages." When an appellant intends to raise any challenge involving the evidence or argument presented to a fact-finder, a reporter's record is necessary. *See Vernco Constr., Inc.*, 460 S.W.3d at 150. Since there is no reporter's record due to Abouhatab's failure to properly request that one be made, we must presume that the trial court's judgment is supported by sufficient evidence, including the amount of damages awarded by the trial court.[1] *See id.*; *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex. 1968) ("The burden is upon a party appealing from a trial court judgment to show that the judgment is erroneous in order to obtain a reversal. When the complaint is that the evidence is factually or legally insufficient to support vital findings of fact, or that the evidence conclusively refutes vital findings, this burden cannot be discharged in the absence of a complete or an agreed statement of facts."); *Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (stating that because appellant did not file a complete record on appeal, the

---

[1] Abouhatab points out in his appellate brief that the clerk's record contains numerous proposed exhibits which he filed with the trial court prior to his bench trial. He then argues that the "exhibits do not provide any support for a reduction of the claimed damages." But, there is no reporter's record establishing that these proposed exhibits were offered and admitted into evidence during the bench trial. Therefore, we may not consider them in our review of the sufficiency of the evidence. *See* Tex. R. App. P. 34.6 (providing that in stenographically recorded trials, exhibits are contained in reporter's record); *Guerinot v. Wetherell*, No. 01-12-00194-CV, 2013 WL 2456741, at *5 (Tex. App.—Houston [1st Dist.] June 6, 2013, no pet.) ("Documents attached to pleadings are not evidence unless they are offered and admitted as evidence by the trial court."); *Duruji v. Duruji*, Nos. 14-05-01185-CV, 14-05-01186-CV, 2007 WL 582282, at *4 (Tex. App.—Houston [14th Dist.] Feb. 27, 2007, no pet.) (mem. op.) ("Documents attached to pleadings are not evidence unless they are introduced at trial."); *Nat'l Med. Fin. Servs., Inc. v. Irving Indep. Sch. Dist.*, 150 S.W.3d 901, 905 (Tex. App.—Dallas 2005, no pet.) (stating that for exhibits to be considered at trial, they must be properly admitted as evidence, even if they were previously attached to pleadings); *Atchison v. Weingarten Realty Mgmt. Co.*, 916 S.W.2d 75, 76–77 (Tex. App.—Houston [1st Dist.] 1996, no pet.) (observing that mere physical presence of document in clerk's record does not allow appellate court to consider document that is otherwise not a proper part of appellate record).

appellate court presumes omitted portions of reporter's record support judgment). Because we must presume that sufficient evidence supports the trial court's judgment, we overrule Abouhatab's third issue.

## II. The trial court did not err when it denied Abouhatab's motion for new trial.

Abouhatab argues in his second issue that the trial court abused its discretion when it partially denied his motion for new trial. In Abouhatab's view, the evidence was legally and factually insufficient to support the damages awarded by the trial court's judgment. The trial court held an oral hearing which consisted entirely of argument by the attorneys for both parties. During the hearing, Abouhatab's counsel argued:

> Part of the problem, I think, is that [Abouhatab] did not understand doesn't understand the rules of evidence, which is not uncommon with pro se litigants. And I think we can do it better. I think we can give - - if we get a new trial, I think we can do a better presentation.

Essentially, Abouhatab asked for a do-over of his bench trial because, now that he was represented by counsel, he could do a better job of presenting his case. At the conclusion of the non-evidentiary hearing, the trial court modified its judgment to include prejudgment and post-judgment interest. The trial court denied the remainder of Abouhatab's motion.

We review the denial of a motion for new trial for an abuse of discretion. *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010); *Hunter v. Ramirez*, 637 S.W.3d 858, 862 (Tex. App.—Houston [14th Dist.] 2021, no pet.). The test for an abuse of discretion is whether the trial court acted arbitrarily or without reference to guiding legal principles. *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Having reviewed the record we cannot conclude that the trial court abused

7

its discretion when it granted Abouhatab's motion for new trial in part and denied it in part. Abouhatab did not offer any evidence during the new trial hearing. In addition, his arguments focused on the lack of a record, his lack of knowledge about the procedural and evidence rules, and his dissatisfaction with the damages awarded by the trial court. A pro se litigant, however, is held to the same standards as licensed attorneys and must comply with all applicable procedural rules and laws. *Harrison*, 607 S.W.3d at 457; *see Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (Texas Supreme Court stating that "litigants should not view our relaxation of rules in a particular case as endorsing noncompliance. While we seek to resolve appeals on their merits, litigants who ignore our rules do so at the risk of forfeiting appellate relief."). To do otherwise would give pro se litigants an advantage over litigants represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185 (Tex. 1978).

Here, Abouhatab recognizes he cannot successfully challenge the legal and factual sufficiency of the evidence supporting the trial court's judgment without a reporter's record. The lack of a reporter's record on appeal, however, is the result of his own failure to timely request that the court reporter record the bench trial. Abouhatab had his day in court and the fact that he failed to request a reporter's record is not a reason he "should get a second bite at the apple" to obtain a more favorable trial outcome. *See Horizon Healthcare Corp. v. Acadia Healthcare Co., Inc.*, 520 S.W.3d 848, 882 (Tex. 2017). The cases Abouhatab cites in support of his second issue do not dictate a different result because, in each case, some part of the reporter's record was unavailable due to no fault of the appellant. *See Rogers v. Rogers*, 561 S.W.2d 172, 173–74 (Tex. 1978) (holding that appellant's "right to proper appellate review, due to no fault on his part, can be preserved only by a new trial"); *Kennard Law., P.C. v. Lamar Tex. Ltd. P'ship*, No. 14-19-00819-CV, 2021

WL 2931215, at \*4 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (in a default judgment case with no reporter's record, reversing and remanding appellee's attorney fee award because, in a "post-answer default setting, a legal insufficiency point will only support a new trial, and not a rendition of judgment"); *In re N.A.H.*, 2019 WL 6606724, at \*1 (court reporter notified appellate court he was unable to produce part of reporter's record because the electronic recording was inaudible). Because the trial court did not abuse its discretion when it denied Abouhatab's request for a new trial, we overrule Abouhatab's second issue.

## CONCLUSION

Having overruled Abouhatab's issues, we affirm the trial court's modified final judgment.


/s/     Jerry Zimmerer
        Justice


Panel consists of Justices Wise, Zimmerer, and Poissant.