**Reversed and Remanded and Memorandum Opinion filed December 19, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00949-CV

---

## IN THE INTEREST OF B.L.S., A CHILD

---

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-79922**

---

## MEMORANDUM OPINION

This is an appeal from a final order in a suit affecting the parent-child relationship. Tex. Fam. Code § 109.002. The father challenges the trial court's rulings regarding (1) removal of a geographic restriction on the child's primary residence, and (2) the parents' respective rights and duties concerning the minor child. Concluding the trial court abused its discretion in not ordering a geographic restriction on the child's primary residence, and ordering that certain parental rights be exclusive to one parent, we reverse and remand for further proceedings.

BACKGROUND

The parties to this appeal, K.J.S. (Father) and L.N.W. (Mother) have one child, B.L.S. (the Child), who was eight years old at the time of trial. The parties never married, but lived together until the Child was two years old. After the parties separated, the Child lived with Mother.

On November 1, 2019, Father filed an original petition in suit affecting the parent-child relationship seeking appointment as joint managing conservator with Mother. Father further sought to be designated as the conservator who had the exclusive right to designate the primary residence of the Child and requested that the Child's primary residence be restricted to certain counties. The parties entered into a mediated settlement agreement for temporary orders. Among other things, the temporary orders: (1) appointed the parents joint managing conservators; (2) designated Mother as the parent with the exclusive right to designate the primary residence of the Child within Fannin County and contiguous counties; and (3) gave each parent rights, subject to agreement of the other parent, to consent to medical, dental, and surgical care, psychiatric and psychological treatment, and education. The temporary orders also allowed the parents to share visitation, each keeping the Child on alternating weeks.

After Mother moved to Collin County with the Child, Father subsequently amended his petition asserting that the primary residence of the Child should be restricted to Collin County and contiguous counties. Father further sought designation as the parent with the exclusive right to enroll the Child in school. Mother filed a counter-petition in which she sought designation as the conservator with the exclusive right to designate the primary residence of the Child.

At a bench trial Father testified that after he and Mother separated Mother moved from Austin to Houston and took the Child with her. In 2018, Father moved

2

from Austin to Bastrop, Texas to be closer to the Child. Father was contemplating moving to Tomball, even closer to Houston, when he learned that Mother planned to move to Wolfe City, Texas, located approximately one hour northeast of Dallas. Father moved again to be closer to the Child, who lived with Mother in Fannin County. Father maintained what he described as a "50/50 possession schedule." At the time of trial Father had sold his house that was approximately a 30-minute drive from the Child's school and planned to purchase a house within a 10- to 15-minute drive of the Child's school.

Mother testified that the 50/50 possession schedule with the parents alternating weeks was not workable because Father lived 30 minutes from the school. Mother frequently picked up the Child from school during Father's week of possession to avoid the Child having to spend too much time traveling between school, Father's home, and sports practice after school. On these weeks, Mother would meet Father at sports practice and Father would drive the Child to his home after practice. Mother testified she separated from Father because he was verbally abusive and their "living situation" was hostile. Mother testified that Father threw objects at her when he was angry and threatened her in front of the Child.

Both parents testified that the Child had been diagnosed with Attention Deficit Hyperactivity Disorder (ADHD), which contributed to behavioral issues. The parents worked together to have the Child diagnosed and placed on medication. Mother enrolled the Child in Medicaid despite Father's offer to enroll the Child in Father's health insurance plan. Mother explained that Father's health insurance required a 50-dollar co-pay for medication, which Mother could not afford. Father had been paying one hundred percent of uninsured medical expenses, but testified he would be unable to continue to do so long term.

Mother requested expanded possession for Father but did not want to continue

3

the 50/50 possession schedule. Mother asked to be designated the conservator with the exclusive right to designate the Child's residence. Mother agreed that she and Father could make joint decisions about medical care and education while allowing the physician and the school counselor to act as "tiebreakers."

After taking the case under advisement and hearing Father's motion to reconsider, the trial court signed an order in which the court named both parents as joint managing conservators, and ordered, inter alia, the following rights and duties to Mother:

- the exclusive right to designate the primary residence of the Child without regard to geographic location;
- the exclusive right to consent to medical, dental, and surgical treatment involving invasive procedures;
- the exclusive right to consent to psychiatric and psychological treatment of the Child; and
- the exclusive right to make decisions concerning the Child's education.

After signing the final order, the trial court signed findings of fact and conclusions of law. As pertinent to this appeal, the trial court signed the following conclusions of law:

- It is in the best interest of the child that [Father] and [Mother] be appointed joint managing conservators of the child and that [Mother] have the exclusive right to designate the child's primary residence.
- It is in the best interest of the child that [Mother's] right to designate the primary residence of the child be subject to a geographic restriction of Collin County and the contiguous counties.
- It is in the best interest of the child that [Mother] and [Father] share the right, subject to the agreement of the other parent conservator, to consent to medical, dental, and surgical treatment

4

involving invasive procedures.

- It is in the best interest of the child that [Mother] have the independent right to consent to psychological and psychiatric treatment of the child with seven (7) days written notice to the other parent conservator.

- [Father] is entitled to periods of possession with [the Child] pursuant to the Standard Possession Order.

Father filed a motion to reconsider in the trial court in which he asked the court to reconsider placing a geographic restriction on Mother's exclusive right to designate the primary residence of the Child. Father further asked the trial court to reconsider designating Mother as the parent with the exclusive right to make medical and educational decisions. The trial court's final order impliedly overruled Father's motion to reconsider. Father appealed the trial court's final order.

## ANALYSIS

In two issues Father asserts the trial court abused its discretion when it awarded Mother (1) the exclusive right to designate the Child's primary residence without imposing a geographic restriction and (2) exclusive rights to consent to medical, dental, and surgical treatment; psychiatric and psychological treatment; and educational decisions. Mother did not file a responsive brief on appeal.

## I.    Standard of Review and Applicable Law

We review a trial court's decisions concerning conservatorship under an abuse of discretion standard. *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007); *Cox v. Cox*, No. 14-22-00853-CV, 2023 WL 6561106, at *4 (Tex. App.—Houston [14th Dist.] Oct. 10, 2023, no pet.) (mem. op.). Generally, the test for abuse of discretion is whether the trial court acted arbitrarily or unreasonably, or whether it acted without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985). When a party asserts that the trial court

5

abused its discretion due to a lack of evidence, however, we engage in a two-pronged inquiry to determine whether the trial court (1) had sufficient information on which to exercise its discretion and (2) erred in its application of discretion. *See Swaab v. Swaab*, 282 S.W.3d 519, 524–25 (Tex. App.—Houston [14th Dist.] 2008, pet. dism'd w.o.j.). Thus, there is ordinarily no abuse of discretion when some evidence of a substantive and probative character exists to support the trial court's decision. *In re J.H.*, No. 14-23-00018-CV, 2023 WL 4248759, at *3 (Tex. App.—Houston [14th Dist.] June 29, 2023, no pet.) (mem. op.).

When, as here, a trial court makes specific findings of fact and conclusions of law following a bench trial and a reporter's record is before the appellate court, the findings will be sustained if there is evidence to support them, and the appellate court will review the legal conclusions drawn from the facts found to determine their correctness. *Trelltex, Inc. v. Intecx, L.L.C.*, 494 S.W.3d 781, 789 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Findings of fact have the same force and dignity as a jury's verdict and are reviewable under the same standards of legal and factual sufficiency. *Foley v. Capital One Bank, N.A.*, 383 S.W.3d 644, 646 (Tex. App.—Houston [14th Dist.] 2012, no pet.); *In re Y.E.*, No. 14-20-00608-CV, 2022 WL 364074, at *4 (Tex. App.—Houston [14th Dist.] Feb. 8, 2022, no pet.) (mem. op.).

## II. Neither Mother's pleadings, nor the evidence, supports the trial court's order that Mother have the exclusive right to designate the Child's residence without a geographical restriction.

In Father's first issue he asserts the trial court's order designating Mother the primary custodial parent without a geographic restriction is contrary to the trial court's findings of fact, not supported by the evidence, not supported by Mother's pleadings, and against public policy.

The temporary orders in place before trial required a geographic restriction of

Fannin County and contiguous counties. The parties agreed to this geographic restriction. In Father's live pleading he sought the exclusive right to designate the primary residence of the Child within Collin County and Fannin County.[1] In Mother's pleading she sought designation as the conservator who has the exclusive right to designate the primary residence of the Child. Mother's pleading did not request primary custody without a geographic restriction; therefore, the final order did not conform to the pleadings. *See Flowers v. Flowers*, 407 S.W.3d 452, 458 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (pleading lacking request of modification to geographic restriction did not support final order removing geographic restriction).

Pleadings must give reasonable notice of the claims asserted. *SmithKline Beecham Corp. v. Doe*, 903 S.W.2d 347, 354–55 (Tex. 1995). As a reviewing court, we are to liberally construe the petition to contain any claims that reasonably may be inferred from the specific language used in the petition and uphold the petition as to those claims, even if an element of a claim is not specifically alleged. *See id*. In making this determination, however, we cannot use a liberal construction of the petition as a license to read into the petition a claim that it does not contain. *Moneyhon v. Moneyhon*, 278 S.W.3d 874, 878 (Tex. App.—Houston [14th Dist.] 2009, no pet.). The petition must give fair and adequate notice of the claims being asserted, and if we cannot reasonably infer that the petition contains a given claim, then we must conclude the petition does not contain the claim. *See SmithKline Beecham Corp.*, 903 S.W.2d at 354–55. A final order not supported by the pleadings is erroneous. *Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983).

In her petition Mother did not request that there be no geographic restriction

---

[1] Collin and Fannin counties are contiguous.

on her exclusive right to determine the Child's primary residence. In the trial court's findings of fact, it stated, "[Mother] requested that the geographic restriction set forth in the temporary orders continue after final trial." Mother did not challenge the trial court's findings of fact. As stated above, the temporary orders required a geographic restriction. Therefore, the final order did not conform to the pleadings, and the trial court erred in granting such relief unless the issue was tried by consent. *See* Tex. R. Civ. P. 301.

If issues not raised by the pleadings are tried by express or implied consent of the parties, these issues will be treated as if they had been raised by the pleadings. *See Baltzer v. Medina*, 240 S.W.3d 469, 475 (Tex. App.—Houston [14th Dist.] 2007, no pet.). Trial by consent "can cure lack of pleading, but an issue is not tried by consent merely because evidence regarding it is admitted." *Bos v. Smith*, 556 S.W.3d 293, 306–07 (Tex. 2018). To determine whether an issue was tried by consent, the court must examine the entire record not for evidence of the issue, but rather for evidence of trial of the issue. *Id*. at 307. A party consents to trial of an unpleaded issue when evidence on the issue is developed under circumstances indicating that both parties understood what the issue was in the case, and the other party failed to make an appropriate complaint. *See Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009).

The record does not reflect that the geographic-restriction issue was tried by consent. Evidence at trial focused on Mother's desire to move to a rural community with her partner and Father's 30-minute commute to the Child's school. Father testified that his house was on the market, and he planned to move closer to the Child's residence and school. There was no evidence that removal of the geographic restriction was required or even desired by either party. We conclude the trial court abused its discretion in removing the geographic restriction on Mother's exclusive

right to determine the Child's primary residence because Mother did not request this relief in her petition and the geographic-restriction issue was not tried by consent.

The record further reflects no evidence on removal of the geographic restriction put in place by the temporary orders. In considering whether a geographic restriction is in the best interest of the child, the Texas Supreme Court suggested consideration of the following factors: (1) the reasons for and against a prospective move, including the parents' good faith motives in requesting or opposing it; (2) health, education, and leisure opportunities afforded by the prospective move; (3) the degree of economic, emotional, and educational enhancement for the custodial parent and child; (4) the effect on extended family relationships; (5) accommodation of the child's special needs or talents; (6) the effect on visitation and communication with the non-custodial parent to maintain a full and continuous relationship with the child; (7) the possibility of a visitation schedule allowing the continuation of a meaningful relationship between the non-custodial parent and child; and (8) the ability of the non-custodial parent to relocate. *Lenz v. Lenz*, 79 S.W.3d 10, 15–16 (Tex. 2002).

In this case, the trial court heard extensive evidence about the Child living in the rural community of Wolfe City and Father's efforts to move closer to the Child's school. There was no evidence that Mother intended to move the Child away from Wolfe City, or of any prospective move by either parent other than Father's prospective move to be closer to the Child. Mother testified about the difficulties of sharing conservatorship with only a 30-minute distance between Father and the Child's school. If Mother were to again move the Child, such a move would have an effect on Father's ability to visit and communicate with the child and continue any meaningful relationship. Other than Father's attempt to move closer to the Child's school there was no evidence of the parents initiating a request to relocate at the time

9

of the final hearing or in the future. Based on the evidence presented and the pleadings of the parties, we conclude the trial court abused its discretion in removing the geographic restriction put in place by the temporary orders. We sustain Father's first issue.

**III.    The trial court abused its discretion when it ordered that Mother had the exclusive rights to consent to medical, dental, and surgical treatment, the exclusive right to consent to psychiatric and psychological treatment, and the exclusive right to make educational decisions regarding the Child.**

In Father's second issue he asserts the trial court abused its discretion when it ordered that Mother had the exclusive rights to consent to medical, dental, surgical, psychiatric, and psychological treatment; and that Mother had the exclusive right to make educational decisions regarding the Child.

When parents are named joint managing conservators, the trial court must allocate parental rights and duties to be exercised independently, jointly, or exclusively. Tex. Fam. Code § 153.071. Section 153.134(b) requires an order naming joint managing conservators to allocate rights and responsibilities of the parents and to include provisions to minimize disruption of the child's education, daily routine, and association with friends. Tex. Fam. Code § 153.134(b). Mother made no request for these exclusive rights in her petition. Nonetheless, in its final order, the trial court awarded Mother these exclusive rights. Therefore, the final order did not conform to the pleadings, and the trial court erred in granting such relief unless the issue was tried by consent. *See* Tex. R. Civ. P. 301; *Flowers*, 407 S.W.3d at 458.

The record does not reflect that these issues were tried by consent. In fact, the record reflects the opposite. Mother did not seek the exclusive rights to make these decisions on behalf of the Child. Mother testified that she and Father could make joint decisions about medical care and education while allowing the physician and

the school counselor to act as "tiebreakers." There was no testimony by Mother or request in her pleadings that she receive exclusive rights to make medical and educational decisions on behalf of the Child. Accordingly, we sustain Father's second issue.

## IV. Father did not present evidence of attorney's fees.

Although Father did not assign an issue requesting attorney's fees, in his prayer for relief on appeal, Father requests that Mother pay his attorney's fees. Father represented himself at the final hearing and did not present evidence of attorney's fees incurred before his attorney withdrew from representation.[2]

Trial courts have broad discretion to award attorney's fees in suits affecting the parent-child relationship. *See* Tex. Fam. Code § 106.002(a); *Lenz*, 79 S.W.3d at 21. However, an award of attorney's fees must be supported by evidence that the fees are reasonable and necessary. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991); *In re K.A.M.S.*, 583 S.W.3d 335, 349 (Tex. App.— Houston [14th Dist.] 2019, no pet.). Because Father presented no evidence of attorney's fees, we conclude he is not entitled to such fees.

### CONCLUSION

The trial court abused its discretion in not placing a geographic restriction on Mother's exclusive right to determine the Child's primary residence and by awarding Mother the exclusive rights to consent to medical, dental, and surgical treatment involving invasive procedures, to consent to psychiatric or psychological treatment for the Child, and to make educational decisions for the Child. Accordingly, we reverse the trial court's final order, and remand to the trial court

---

[2] An attorney filed the original petition on Father's behalf but withdrew before the final hearing.

11

with instructions for the trial court to render a new order that is the same as the prior order except that, in the new order: (1) Mother's exclusive right to determine the Child's primary residence is subject to the geographic restriction of Collin County and contiguous counties; (2) Mother and Father share the right to consent to psychiatric and psychological treatment of the Child; (3) Mother and Father share the right to consent to medical, dental, and surgical treatment involving invasive procedures; and (3) Mother and Father share the right to make decisions concerning the Child's education. The trial court shall further render an order that: (1) in the event of a dispute between the parents on psychiatric, psychological, medical, dental, or surgical treatments, the preferred course of action recommended by the Child's primary physician shall be followed; and (2) in the event of a dispute between the parents on educational decisions, the preferred course of action recommended by the Child's school counselor shall be followed.

/s/ Jerry Zimmerer
Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.

12